**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

EXAMINATION BOARD OF
PROFESSIONAL HOME INSPECTORS,

      Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF
CERTIFIED HOME INSPECTORS, and
NICKIFOR GROMICKO a/k/a
NICK GROMICKO,

      Defendants.

---

**Complaint**

---

Plaintiff, Examination Board of Professional Home Inspectors ("EBPHI"), for its Complaint against defendants International Association of Certified Home Inspectors ("InterNACHI") and Nickifor Gromicko a/k/a Nick Gromicko ("Gromicko"), alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action by EBPHI against InterNACHI and its founder and former Chairman, Gromicko, for defamation, trade libel, commercial disparagement, tortious

interference with business expectancy, and violation of the Colorado Consumer Protection Act.[1]

2. EBPHI and InterNACHI both offer a licensing exam for the real estate inspection profession.

3. EBPHI and InterNACHI are therefore direct competitors for persons seeking to become licensed home inspectors.

4. Gromicko and InterNACHI have made no secret of the fact that they will do whatever it takes to eliminate competition.

5. For example, Gromicko has stated in public forums that his "stated goal is to live in a world where every inspection is performed by an InterNACHI member."

6. Gromicko also said that he "[doesn't] want any non-members to do any inspections on anything, anywhere ever."

7. In order to further his goals, Gromicko has published false and defamatory statements about EBPHI stating that its exam is a "joke" a "scam" a "stupid piece of crap exam" and "not even a psychometrically valid exam."

8. Gromicko has even solicited prospective home inspectors to assign him non-existent claims that he says he will file against EBPHI.

---

[1] EBPHI originally filed its action for defamation against InterNACHI and Gromicko in the United States District Court for the Northern District of Illinois on September 14, 2017. That action was dismissed without prejudice on April 11, 2018 for lack of personal jurisdiction over the defendants.

9. These false and defamatory statements are intended to drive students away from EBPHI's exam and to InterNACHI's on-line courses and exam, thereby enriching the defendants at the expense of EBPHI.

10. As a result of Gromicko and InterNACHI's conduct, EBPHI has lost business and suffered financial injury. EBPHI therefore seeks compensatory and punitive damages against InterNACHI and individually against its agent, Gromicko.

## PARTIES

11. EBPHI is an Illinois not-for-profit 501(c)(6) corporation with its principal place of business located in Tallahassee, Florida. EBPHI is a citizen of the States of Illinois and Florida.

12. Defendant InterNACHI is a Colorado corporation with a principal place of business located in Boulder, Colorado. InterNACHI is a citizen of the State of Colorado.

13. Defendant Gromicko is an individual. Gromicko resides in and is a citizen of the State of Colorado.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as this is an action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. This Court has personal jurisdiction over the defendants because defendants are citizens of the State of Colorado and maintain systematic and continuous business connections and contacts with the State of Colorado.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

16. EBPHI is an independent not-for-profit organization whose sole purpose is to develop and maintain high-stakes examinations for the real estate inspection profession and to advocate for high standards for the profession.

17. EBPHI is governed by a volunteer board of directors and is not a membership organization.

18. Because EBPHI does not depend on membership dues revenue, it is free to focus wholly on consumer protection in home inspector competency assessment.

19. In order to better serve and protect the public interest, EBPHI has developed and administers the National Home Inspector Examination ("NHIE").

20. The NHIE is a technical examination that is developed, maintained and administered according to accepted psychometric standards for a high-stakes, public protection examination, including those recommended by the Council on Licensing, Enforcement and Regulation ("CLEAR"), the American Education Research Association ("AERA"), the National Commission of Certifying Agencies ("NCCA") and others.

21. The NHIE has been accredited as part of an NCCA recognized certification program.

22. The NHIE is currently adopted for competence assessment in 29 states.

23. InterNACHI is a national for-profit association of home inspectors with an unknown number of members across the country.

24. Upon information and belief, InterNACHI pays its founder and former chairman, Gromicko, a substantial salary which has exceeded $225,000 a year.

25. On information and belief, InterNACHI also pays Gromicko's brother, Ben Gromicko, over $195,000.

26. On information and belief, InterNACHI pays just five people a total amount in excess of $750,000.

27. Like EBPHI, InterNACHI offers a real estate inspection exam to persons hoping to become licensed home inspectors.

28. Such persons can take either exam in those states where both exams are offered.

29. In places where a proctored exam is required, InterNACHI charges each student $125.00 for the proctor.

**Gromicko and InterNACHI's Long History of Trying to Harm Competitors**

30. Unlike EBPHI, InterNACHI is a membership organization which relies on membership dues for revenue.

31. By increasing its membership numbers, InterNACHI is also able to increase its revenues.

32. Gromicko and InterNACHI have engaged in a long history of trying to unlawfully harm InterNACHI's competitors and drive them out of business.

33. Gromicko has not tried to hide its efforts to harm InterNACHI's competitors and has even boasted about it on InterNACHI's public forum.

34. The following are examples of Gromicko's posts on the InterNACHI forum and elsewhere:

   a. Again, I'm not an industry advocate and never pretended to be. I wasn't born to be that. I'm an InterNACHI member advocate. Non-members steal food off of InterNACHI members' tables. My stated goal is to live in a world where every inspection is performed by an InterNACHI member. I'm being as open and honest as I can be: I don't want any non-members to do any inspections on anything, anywhere, ever.

   b. Jim, I don't want to "recruit" the husband/wife run mini association that has launched terrorist attacks at us at every turn…I want to destroy them. We're doing it little by little in the open market anyway (I doubt that they have 400 due-paying members left), but this patent thing could be our Enola Gay.

   c. Quote:

   > I would like to see Nick promise not to harm the home inspection industry by threating or supporting any organization that threatens home inspectors who utilize infrared thermography infringement lawsuits based on the HomeSafe patents.

   I can't make that promise. I have no duty to non-members. There are only so many inspections jobs. I view non-members as stealing food off the tables of InterNACHI members. I've done way more than I should for non- members already. I've provided non-members with a safe haven. What more do you want from me?

   d. We still have a lot of legal work to do as there are numerous parties involved. We're making sure we permanently protect InterNACHI members while at the same time trying not to deter lawsuits from being filed against NACHI members. Everything is going very well through. I couldn't be more pleased with how it is all turning out.

   e. But I admit, I have a long memory, so I'm still not done. This patent thing just might give me one more weapon to take some of their members' homes from them.

   I am always astonished that plaintiffs fail to pull a case history on us before they file. If they simply spent a few hundred dollars doing that research they'd note that suing InterNACHI is nuts. Mark even went so far in a few cases, to ask the courts for something very tiny but absurd so that when he doesn't get it in the verdict, he can appeal… even when

> we've won. Yes, we've appealed verdicts that went our way just to financially punish the plaintiffs and drag the proceedings out longer.
>
> I might be able to figure out how to keep the punishment coming with this patent thing. Give me a month. Staff is working on making a list of their members that use IR cameras.
>
> Anyway, the husband/wife-run mini-group is essentially obliterated. I just couldn't (up until recently) find any other way to inflict any more harm on them and their members. As I said, this whole thing is really working out nicely for us. I couldn't be more pleased.

    f.    Quote:

> Have anyone considered that there may be some out there who are just making a living and may not even be aware of this org's existence.

> No. If they are stealing inspection jobs from InterNACHI members and taking bread from the tables of members, Nick Gromicko is their enemy. I'd prefer that they simply stop doing inspections, voluntarily. Again, InterNACHI's position is that every inspection in the world should be performed by an InterNACHI member.

    g.    Again, my position is that non-members should not only be offering IR services, they shouldn't be doing any types of inspections at all. <u>ALL</u> inspections in the world should be performed by InterNACHI members solely.

35. Gromicko and InterNACHI also have a long history of defaming their competitors in order to harm the competitor's business and thereby gain a competitive advantage.

36. For example, in 2006 Gromicko and InterNACHI were sued by the National Association of Home Inspectors, Inc. ("NAHI").

37. In that lawsuit, NAHI accused Gromicko and InterNACHI of repeatedly publishing false and defamatory statements concerning NAHI and its members including statements that NAHI and its members engaged in the bribery of real estate brokers or agents;

7

NAHI was "history" and had "folded"; NACHI had purchased or brought NAHI; and that a lawsuit had been filed against NAHI and/or its members for bribing real estate agents.

38. Similarly, in late 2015 Gromicko and InterNACHI were sued by the American Society of Home Inspectors, Inc. ("ASHI"), another InterNACHI competitor, for publishing false and defamatory statements on the InterNACHI forum.

39. These statements included one that said that ASHI had "folded like a wet paper bag" and settled a lawsuit, brought against it by an entity that was also suing InterNACHI, thereby providing reserves for the entity to continue to pursue InterNACHI and its members.

40. In truth and in fact, it was Gromicko and InterNACHI that had settled with that entity, not ASHI.

### Gromicko and InterNACHI's False Statements Regarding EBPHI

41. InterNACHI has engaged in an effort to damage EBPHI's reputation in the industry, divert prospective home inspectors to the InterNACHI training course and exam, and injure EBPHI.

42. InterNACHI and Gromicko have engaged in a campaign of spreading false and defamatory statements about EBPHI and the NHIE exam.

43. Examples of InterNACHI and Gromicko's false and defamatory statements include, but are not necessarily limited to, the following posts on InterNACHI's web forum on September 25, 2016, in response to student questions regarding a home inspection licensing exam:

**Nick Gromicko**:

1. How many of our 100+ free, online inspection courses www.nachi.org/education (https://www.nachi.org/education) did you complete?

2. Did you go through www.nachi.org/qa (https://www.nachi.org/qa)?

**Quote**:

> No we took a course here in Houston. $6000 later we completed the required Professional Real Estate Inspector 397 hours of study in our courses. Two ride alongs which taught us absolutely nothing, a 24 hour lab and Exam Prep weekend.

**Nick Gromicko:**

That's ½ your problem. You didn't take InterNACHI (International Association of Certified Home Inspectors)'s free, online courses. That's your fault.

**Quote:**

> Lots of valve questions on mine along with radon (never taught) and sprinkler questions.

**Nick Gromicko:**

That's ½ the problem. The NHIE is a stupid piece of crap exam that asks questions outside of a home inspector's SOP (Standard of Practice). That's not your fault. Would you like Mark to contact you? We stand ready to go to court for you against the EBPHI. You probably passed your exam.

**Quote**:

> Well you could probably find a whole bunch of emotionally damaged people here in Houston…..LOL I am so ready to get this ball rolling. Another friend of mine who took the same course we did is taking hers next Friday. They need to give us tests on what we will be inspecting. I had a lot of basement questions too and they wanted me to figure out the cause of the problem. I lived in Mass. When I was young so I have actually seen one basement, but I was raised in Louisiana and live in Texas. Chances of seeing a basement down here are slim to none.

**Nick Gromicko Response**:

The questions about basements are fine as basements are part of a home inspector's SOP, even in areas that don't have basements. The questions about radon and sprinklers are not. I can go to federal court for you and get an injunction forcing the EBPHI to grade your exam without those being counted. Then through discovery, I'll find out everyone else who has ever failed the NHIE, and file a class action suit against the EBPHI and all of the current and past directors who knew about this, personally. Its not even a psychometrically valid exam and I can prove it in court. They'll owe millions in revenue in such a class action suit.

Just say "go."

**Quote**:

> Who provided the course?

**Nick Gromicko**:

Course isn't the problem. The stupid NHIE, the joke exam of the inspection industry is asking questions about radon and lawn sprinklers, both outside of the SOP. They probably flunked thousands of inspectors who actually passed. I smell a huge class action lawsuit here.

**Quote**:

> The first thing I did when we made the decision to do this is join Nachi. Your courses for Texas just were not enough to get the required hours we needed to get our license so we had to go to the school. We will be taking ALL of your available courses in the hope that it will help us pass the second time around. It was the only thing we haven't done. We still have to take the test again and have no clue where to begin our studies again. We were making 100's on all practice exams. Sue away but that won't change the test I need to take again in a couple of weeks. We love your video's !!!! Also there were a lot of pictures on the test that we have never even seen what they are supposed to be. I am still trying to figure out what the hell that first valve picture was. Giant black valve, two pvc pipes coming into to it. No clue. And what the hell is a Halford or Hasford "sounds like" loop in probably a heating or air conditioning system. Never heard of it and can't figure out what that was either.

**Nick Gromicko**:

We're suing them anyway on behalf of all the people who failed but actually should have passed. We'll start the process Monday morning.

**Quote**:

> Yay…….can you see if I passed…..LOL I made 69% and my husband made 62% but in his defense I built my first house when I was 23 and have a lot of hands on experience in a lot of different systems. I also followed code on all the houses I have built. He also did better than I did in the courses.

**Nick Gromicko**:

You're not alone. The NHIE is a joke and now they're going to be a joke in front of a federal judge.

44.     Gromicko and InterNACHI have further attempted to harm EBPHI by seeking to have prospective home inspectors assign their "claims" against EBPHI to InterNACHI in return for InterNACHI's promise to pay each assignee $50.00 "from any funds received from EBPHI because of any judgment awarded to InterNACHI." A true and correct copy of the purported "Assignment of Claims" that Gromicko and InterNACHI sent to prospective home inspectors is attached hereto as Exhibit 1.

45.     These purported "assignments" suggest that prospective home inspectors may have some sort of claim against EBPHI for which they will receive money if they simply sign the "Assignment of Claims."

46.     Prospective home inspectors have no such claim against EBPHI.

47.      Neither Gromicko nor InterNACHI have followed through on their threat to file a "huge class action."

48. Gromicko and InterNACHI's statements about EBPHI and the NHIE exam, as detailed above, were knowingly false and made with actual malice in an attempt to directly harm EBPHI's business and reputation.

49. In truth and in fact, the NHIE exam is a psychometrically valid exam.

50. The NHIE exam has been developed, maintained and administered according to standards recommended by CLEAR, AERA and the NCCA, among others.

51. Gromicko and InterNACHI made the statements about EBPHI knowing they were false, or with fault amounting to at least negligence.

52. Gromicko and InterNACHI made the statements for the purpose of causing prospective home inspectors to believe that the NHIE exam is a "joke" a "scam" a "stupid piece of crap exam" and "not even a psychometrically valid exam" which Gromicko and InterNACHI "could prove in court" thereby enriching prospective home inspectors.

53. By making the false and defamatory statements they did, Gromicko and InterNACHI hoped to drive student inspectors away from the NHIE exam and to InterNACHI's on-line courses and exam.

54. Gromicko and InterNACHI hoped that by doing so, they could increase InterNACHI's revenues.

55. Gromicko and InterNACHI hoped that by doing so, they could increase Gromicko's income as well.

56. As a direct and proximate result of Gromicko and InterNACHI's actions, EBPHI's reputation in the industry has been harmed, and it has fewer student inspectors taking its exam than it did before defendants began their campaign of defaming EBPHI.

57.     As a direct and proximate result of Gromicko and InterNACHI's actions, EBPHI has suffered, and will continue to suffer, damages in an amount to be determined, but which are not less than $500,000.

## COUNT I
### (Defamation)

58.     EBPHI realleges paragraphs 1 through 57 as if fully set forth herein.

59.     Gromicko and InterNACHI repeatedly communicated statements to third parties through InterNACHI's internet forum and elsewhere that the NHIE exam is a "joke" a "scam" a "stupid piece of crap exam" and "not even a psychometrically valid exam" which Gromicko and InterNACHI "could prove in court."

60.     One or more of Gromicko and InterNACHI's statements were statements of fact which were knowingly false or made with fault amounting to at least negligence.

61.     Gromicko and InterNACHI's statements, taken individually, or when taken as a whole, inculpate EBPHI with moral turpitude and charge EBPHI with unfitness and lack of integrity in the performance of its business.

62.     As a direct and proximate result of Gromicko and InterNACHI's false and defamatory statements, EBPHI has suffered harm to its reputation and a decrease in students taking its exam.

63.     As a result of Gromicko and InterNACHI's actions, EBPHI has suffered damages in an amount to be proven at trial, but which are not less than $500,000.

64.     Gromicko and InterNACHI's actions were willful, wanton and egregious and therefore warrant the imposition of punitive damages.

## COUNT II
### (Trade Libel)

65. EBPHI realleges paragraphs 1 through 64 as if fully set forth herein.

66. One or more of Gromicko and InterNACHI's statements that the NHIE exam is a "joke", a "scam", a "stupid piece of crap exam" and "not even a psychometrically valid exam" which Gromicko and InterNACHI "could prove in court" are untrue statements of fact.

67. When taken individually, or as a whole, the statements inculpate EBPHI with moral turpitude and charge EBPHI with unfitness and lack of integrity in the performance of its business.

68. Gromicko and InterNACHI made the statements detailed herein knowing that they were false, or with fault amounting to at least negligence.

69. Gromicko and InterNACHI's statements were made publicly and published on InterNACHI's internet forum.

70. As a direct and proximate result of Gromicko and InterNACHI's actions, EBPHI has suffered damages in the form of lost business, in an amount to be proven at trial, but which is not less than $500,000.

71. Gromicko and InterNACHI's actions were willful, wanton and egregious thereby warranting the imposition of punitive damages.

## COUNT III
### (Commercial Disparagement)

72. EBPHI realleges paragraphs 1 through 71 as if fully set forth herein.

73. Gromicko and InterNACHI's statements that the NHIE exam is a "joke" a "scam, a "stupid piece of crap exam" and "not even a psychometrically valid exam" which Gromicko and InterNACHI "could prove in court" are false and derogatory.

74. Gromicko and InterNACHI knew that their statements would discourage students from taking the NHIE exam and would therefore interfere with EBPHI's business.

75. Gromicko and InterNACHI's actions were intended to cause financial loss to EBPHI's business.

76. One or more Gromicko and InterNACHI's statements that the NHIE exam is a "joke" a "scam", a "stupid piece of crap exam" and "not even a psychometrically valid exam" which Gromicko and InterNACHI "could prove in court" were knowingly false and were made with actual malice and made in an attempt to directly harm EBPHI's business.

77. As a result of Gromicko and InterNACHI's actions, EBPHI has lost students who otherwise would have taken the NHIE exam because those students believe that the NHIE exam is not valid and may be subject to legal action.

78. As a direct and proximate of Gromicko and InterNACHI's false and misleading statements EBPHI has been damaged in an amount to be proven at trial, but which is not less than $500,000.

79. Gromicko and InterNACHI's actions were willful, wanton and egregious thereby warranting the imposition of punitive damages.

## COUNT IV
**(Tortious Interference with Business Expectancy)**

80. EBPHI realleges paragraphs 1 through 79 as if fully set forth herein.

81. Gromicko and InterNACHI were aware that prospective home inspectors are concerned about sitting for a valid exam that they can pass if properly prepared.

82. Gromicko and InterNACHI knew that their false statements would discourage home inspection students from taking the NHIE exam.

83. EBPHI had a reasonable expectancy of additional students taking its exam, but for Gromicko and InterNACHI's false and fraudulent statements.

84. As a direct and proximate result of Gromicko and InterNACHI's actions, EBPHI has lost students that it otherwise could reasonably have expected to sign up for and take its exam.

85. As a direct and proximate result of Gromicko and InterNACHI's actions, EBPHI has been damaged in an amount to be proven at trial, but which is not less than $500,000.

86. Gromicko and InterNACHI's actions were willful, wanton and egregious thereby warranting the imposition of punitive damages.

## COUNT V
### (Colorado Consumer Protection Act)

87. EBPHI realleges paragraphs 1 through 86 as if fully set forth herein.

88. In the course of their business, Gromicko and InterNACHI knowingly engaged in deceptive trade practices under the Colorado Consumer Protection Act as set forth above.

89. Gromicko's and InterNACHI's deceptive trade practices significantly impacted the public as actual or potential consumers of InterNACHI's and EBPHI's services.

90. Gromicko's and InterNACHI's deceptive trade practices caused actual damages or losses to EBPHI.

WHEREFORE, plaintiff EBPHI prays for the following relief against defendants InterNACHI and Gromicko:

a. for compensatory damages in an amount to be proven at trial, but which are not less than $500,000;

b. for three times the amount of damages IBPHI suffered pursuant to the Colorado Consumer Protection Act, C.R.S. § 6-1-113;

b. for punitive damages in an amount to be proven at trial, but which are not less than $1,500,000;

c. for its attorney's fees and costs; and

d. for such further relief as the Court may deem appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted this 21st day of June 2018,

                          KLENDA GESSLER & BLUE LLC

                          By:      *s/ Geoffrey N. Blue*
                                    Geoffrey N. Blue
                                    gblue@klendagesslerblue.com
                                    1624 Market St., Ste. 202
                                    Denver, CO  80202
                                    Phone:  (720) 432-5705

Plaintiff's Address:
325 John Knox Road, Suite L130
Tallahassee, FL  32303