IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01559-RBJ, consolidated with
Civil Action No. 18-cv-01797-RBJ

EXAMINATION BOARD OF PROFESSIONAL HOME INSPECTORS, and
AMERICAN SOCIETY OF HOME INSPECTORS, INC.,

    Plaintiffs,

v.

INTERNATIONAL ASSOCIATION OF CERTIFIED HOME INSPECTORS and
NICKIFOR GROMICKO a/k/a Nick Gromicko,

    Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Examination Board of Professional Home Inspectors ("EBPHI") moves to dismiss its remaining claims with prejudice. ECF No. 135. Defendants do not oppose dismissal with prejudice, but they ask the Court to sanction plaintiff with an order to pay defendants' attorney's fees or to donate an equivalent amount to charities of defendants' choosing. ECF No. 138. The Court grants plaintiff's motion but denies defendants' request for a sanction.

## BACKGROUND

These consolidated cases pit competitors in the home inspection licensing business against each other. On February 10, 2021 this Court issued an extensive order addressing the parties' summary judgment motions. ECF No. 133. I will not repeat my recitation in that order of the factual and procedural history of the cases. Suffice it to say that the result was that plaintiff's claims and defendants' counterclaims in the American Society of Home Inspectors

1

("ASHI") case, No. 18-cv-01797-RBJ, were dismissed entirely. *Id.* at 11-13, 29-39. Plaintiff's claims asserting tortious interference with business expectancy and violation of the Colorado Consumer Protection Act in the EBPHI case, No. 18-cv-1559-RBJ, were dismissed. *Id.* at 25-29, 32-36. However, plaintiff's claims in the EBPHI case asserting defamation and commercial disparagement were not dismissed. *Id.* at 13-25, 30-32. They were scheduled to be tried to a jury for five days beginning March 8, 2021.

On February 15, 2021 EBPHI moved to dismiss its remaining claims with prejudice. ECF No. 135. EBPHI stated that it remained confident that its remaining claims would succeed at trial, but that it had "determined that the costs of going forward, both in economic terms and in potential health risks, outweigh the damages that EBPHI could hope to recover even if it fully prevails at trial." *Id.* at 2.

## CONCLUSIONS

"[A] defendant may not recover attorney's fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997). *Accord, Vanguard Environmental, Inc. v. Kerin,* 528 F.3d 756, 760 (10th Cir. 2008); *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006). Defendants argue that there are exceptional circumstances in this case. I examine their arguments in turn.

First, defendant argues that these cases were frivolous. I disagree. As noted above, the Court declined to grant defendants' motion for summary judgment on EBPHI's defamation claim. Indeed, it found that the published words of defendant Nickifor Gromicko, the principal of defendant International Association of Certified Home Inspectors ("InterNACHI"), were defamatory per se. The Court also declined to dismiss EBPHI's commercial disparagement

2

claim. Rather than being frivolous, in my view they were viable claims with a reasonable chance of prevailing at trial.

Nor do I regard plaintiffs' claims in the EBPHI or the ASHI cases as to which I granted summary judgment in defendants' favor to have been frivolous. They were serious claims that the Court dismissed only after a great deal of thought and analysis. Notably, I dismissed plaintiff ASHI's defamation claims even though I characterized Mr. Gromicko's published statements about ASHI's being associated with an organization that promotes pedophilia and with mass murders as "lewd, distasteful, immature, and ludicrous" – so much so that they could not reasonably be interpreted as stating actual facts. ECF No. 132 at 13.

Defendants suggest that the plaintiffs could not prove any damages. However, the Court expressly found that "EBPHI presented sufficient evidence to support an inference of special damages." ECF No. 133 at 32. Moreover, with defamation per se, EBPHI's burden was to prove actual damages, not necessarily special damages.

Second, defendants argue that plaintiffs sued for the improper purpose of silencing Mr. Gromicko. There is no evidence of any such thing. Rather, plaintiffs were attempting to curb Mr. Gromicko's habit of publishing false and defamatory statements about them. In the pending motion EBPHI informs the Court that "in late June 2020 EBPHI proposed a settlement by which the parties would agree to a mutual non-disparagement clause enforced by a prevailing party fee-shifting agreement." ECF No. 135 at 6. However, defendants rejected the proposal and refused to counter it. *Id.* The record shows that plaintiffs' goal was to stop the disparagement and to obtain actual or special damages for the defamation and disparagement that allegedly had already take place.

In addition, defendants state that EBPHI also intended to "Rummage through a Competitor's Operations." Both parties engaged in the discovery process, and a repeated subject of discovery disputes was *plaintiffs'* concern about *defendants'* gaining access to the questions on the EBPHI licensing examination. The Court permitted defendants to have access to that highly confidential information, subject to a protective order. *See, e.g.,* ECF No. 68 (Minute Order granting in part defendants' motion to compel). Any suggestion that plaintiffs were seeking discovery for a purpose other than prosecuting and defending the cases is unwarranted speculation.

Third, defendants assert that EBPHI intentionally ran up defendants' litigation costs. The argument is speculative at best, hypocritical at worst. In its complaint EBPHI quoted a number of statements that Mr. Gromicko has published on defendant InterNACHI's website, including:

> I am always astonished that plaintiffs fail to pull a case history on us before they file. If they simply spent a few hundred dollars doing that research they'd note that suing InterNACHI is nuts. Mark even went so far in a few cases, to ask the courts for something very tiny but absurd so that when he doesn't get it in the verdict, he can appeal . . . even when we've won. Yes, we've appealed verdicts that went our way just to financially punish the plaintiffs and drag the proceedings out longer.

ECF No. 1 at 6-7.

The Court has seen no evidence or indication that *plaintiffs* have abused the litigation process. Bear in mind as well, as noted above, that plaintiffs proposed a settlement in June 2020 based solely on a mutual non-disparagement clause, and defendants refused to agree or counter. The Court has urged the parties numerous times during the course of the litigation to discuss settlement, and defendants have repeatedly refused to do so. Defendants had no obligation to settle, of course, but they are in a poor position to complain that plaintiffs ran up the costs.

Fourth, defendants assert that EBPHI unreasonably delayed dismissal. I disagree. The Court issued its order on the parties' motions for summary judgment on February 10, 2021.

EBPHI filed its motion to dismiss its remaining claims with prejudice on February 15, 2021, just three business days later.

Fifth, ironically, defendants argue that EBPHI had no legitimate need for dismissal. Here, they again speculate that EBPHI delayed in order to thwart defendants' obtaining its examination questions. EBPHI did indeed object to producing these highly confidential materials, and the Court ruled in defendants' favor. Whether EBPHI's concern about the examination questions' becoming public, despite the protective order, was another motivating factor in the decision to dismiss the case is something that neither the Court nor Mr. Gromicko knows.[1] But the Court has no basis to find that EBPHI's given reasons for moving to dismiss are pretextual. The Court had just dismissed the ASHI case (claims and counterclaims) and part of the EBPHI case, and I have no basis to question EBPHI's judgment that the amount of damages it was likely to be awarded did not justify the additional cost of trying the case. Also, the Court had just announced that it was resuming jury trials as of March 1, 2021 – one week before the scheduled trial in this case – after suspending trials for the better part of a year due to the pandemic. The Court has enacted numerous procedures to protect the safety and health of all trial participants and believes that they will be effective, but no set of procedures can completely eliminate the risk of contracting the virus.

## ORDER

EBPHI's motion to dismiss its remaining claims, ECF No. 135, is GRANTED. The two consolidated cases and all claims therein are dismissed with prejudice. The Court finds that

---

[1] The Court notes, however, that plaintiffs might have reason to fear that Mr. Gromicko would use EBPHI's examination questions improperly despite the protective order based on statements Mr. Gromicko has made. *See* ECF No. 143 at 6-7.

neither party is the prevailing party. Each party will bear its and his own costs and fees.

Judgment will enter accordingly. ECF No. 139 is denied as moot.

DATED this 8th day of March, 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge