IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01559-RBJ, consolidated with
Civil Action No. 18-cv-01797-RBJ

EXAMINATION BOARD OF PROFESSIONAL HOME INSPECTORS, and
AMERICAN SOCIETY OF HOME INSPECTORS, INC.,

    Plaintiffs,

v.

INTERNATIONAL ASSOCIATION OF CERTIFIED HOME INSPECTORS and
NICKIFOR GROMICKO a/k/a Nick Gromicko,

    Defendants.

## ORDER REGARDING ATTORNEY'S FEES

On February 10, 2021 the Court granted summary judgment dismissing the claims of plaintiff American Society of Home Inspectors, Inc. ("ASHI"); some of the claims of plaintiff Examination Board of Professional Home Inspectors ("EBPHI"); and the counterclaims of the defendants International Association of Certified Home Inspectors ("InterNACHI") and Nickifor Gromicko. ECF No. 133. Shortly thereafter EBPHI moved voluntarily to dismiss its remaining claims. ECF No. 135. Defendants did not oppose dismissal, but they asked the Court to sanction the plaintiffs by ordering them either to reimburse defendants' attorney's fees and costs or to donate an equivalent amount to two charities of defendants' choosing. *See* ECF No. 138 at 3.

On March 8, 2021 the Court granted EBPHI's motion to dismiss its remaining claims with prejudice. ECF No. 145. However, the Court rejected defendants' request for a sanction.

1

On the contrary, the Court found that neither party was the "prevailing party," and that each party would bear its own costs and fees. *Id.* at 1, 6.

Notwithstanding that order, defendants moved for an award of attorney's fees, limited this time to fees incurred in defending against plaintiffs' claims brought under the Colorado Consumer Protection Act. Plaintiff opposes the motion and requests an award of attorney's fees against defendant for having to respond to the motion. The Court denies both parties' requests and awards no attorney's fees to either of them.

## BACKGROUND

The background of this case was described at length in the Court's order of February 10, 2021 addressing the parties' summary judgment motions. ECF No. 133. Briefly, as relevant here, EBPHI and ASHI, on the one side, and defendant InterNACHI, on the other side, are competitors within the home inspection examination and licensing industry. Defendant Gromicko, the founder of InterNACHI, published numerous online statements disparaging EBPHI and ASHI. In response EBPHI and ASHI sued InterNACHI and Gromicko, asserting claims of (1) defamation, (2) trade libel, (3) commercial disparagement, and (4) deceptive trade practices under the Colorado Consumer Protection Act. Defendants counterclaimed against ASHI, asserting (1) false advertising under the Lanham Act, and (2) tortious interference with business expectancy.

In its summary judgment order the Court found that Gromicko's statements about ASHI were so obviously false, not to mention gross and inflammatory, as to be unbelievable on their face and, therefore, not actionably defamatory. ECF No. 133 at 11-13. The Court also dismissed both plaintiffs' claims under the Colorado Consumer Protection Act ("CCPA"), and it dismissed defendants' counterclaims. The Court did not dismiss EBPHI's defamation claim or its trade

2

libel/corporate disparagement claim. *Id.* at 13-25, 30-32. But, as indicted above, EBPHI voluntarily dismissed those claims thereafter.

The present motion focuses on plaintiffs' CCPA claim and, in particular, the statute's mandate that attorney's fees be awarded if the Court finds a CCPA claim "to be frivolous, groundless and in bad faith, or for the purpose of harassment ...." Colo. Rev. Stat. § 6-1-113(3). However, I do not find that plaintiffs' claims under the CCPA in this case to have been frivolous, or groundless, or brought in bad faith, or brought for the purpose of harassment.

A claim is frivolous "'if the proponent can present no rational argument based on the evidence or law in support of that claim ....'" *Hamon Contractors, Inc. v. Carter & Burgess, Inc.,* 229 P.3d 282, 299 (Colo. App. 2009 (quoting *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063, 1069 (D. Colo. 1984)). A claim is groundless 'if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial." *Id.* at 300.

In its summary judgment order the Court noted that the CCPA is a "broad remedial statute 'intended to deter and punish deceptive trade practices committed by businesses in dealing with the public.'" *Id.* at 32 (quoting *Loughridge v. Goodyear Tire & Rubber Co.,* 192 F. Supp. 2d 1175, 1185 (D. Colo. 2002)). Among other ways, "[a] person commits a deceptive trade practice when 'in the course of the person's business, vocation, or occupation, the person . . . disparages the goods, services, property or business of another by false or misleading representation of fact,' and 'either knowingly or recklessly makes a false representation as to affiliation, connection, or association with or certification by another.'" *Id.* at 33 (quoting Colo. Rev. Stat. § 6-1-105(1)(b), (c), and (h)).

Plaintiffs asserted that Mr. Gromicko knowingly and repeatedly disparaged their respective products and businesses on the InterNACHI website. His statements included false and outrageous statements about ASHI's purported affiliation with a pro-pedophilia organization. He stated that EBPHI's licensing examination, which is used by many states for licensing home inspectors, is a "scam" and is not psychometrically valid. Plaintiffs could, and did, make a rational argument that the CCPA could apply to that conduct, and that they were harmed as a result. Plaintiffs did have evidence, indeed Mr. Gromicko's published statements, the testimony of plaintiffs' representatives, and expert testimony, supporting their position. *See generally* ECF No. 124 (brief opposing defendants' motions in limine and discussing plaintiffs' anticipated witness testimony). Disparagement of a business can support a CCPA claim. *See, e.g., Wilson v. AdvisorLaw LLC,* No. 17-cv-1525-MSK, 2018 WL 858738, at *4 (D. Colo. Feb. 14, 2018).

The Court dismissed the CCPA claims primarily because the plaintiffs had not come forward with sufficient evidence of a public impact to create a triable claim. The Court found that ASHI had not come forward with evidence as to how Mr. Gromicko's false statements about ASHI's purported association with the pedophilia organization had significantly impacted the public merely because some people might have read them. As such, the statements were just a private wrong that could not be wielded as a stick against the defendants. ECF No. 133 at 34. EBPHI's evidence that 23 fewer people took the EBPHI licensing test in Florida in the year after Mr. Gromicko's statements were published was also not sufficient to demonstrate a significant public impact. *Id.* at 35.

Failure to generate evidence of a significant public impact is a basis on which many CCPA claims ultimately fail. That does not mean that the claims are necessarily frivolous or

4

groundless. In this case I make no such finding. Nor is there any direct evidence, or evidence from which I can reasonably infer, that plaintiffs acted in bad faith or for the purpose of harassment in asserting that defendants had committed deceptive trade practices contrary to the CCPA.

Finally, as to plaintiffs' request for an award of attorney's fees for having to respond to defendant's motion, I note that it was not made in compliance with D.C.COLO.LCiv. 7.1(d) ("A motion shall not be included in a response or reply to the original motion."). In any event, although the Court previously made it clear that it was not awarding attorney's fees or costs to either party, I realize that CCPA claims are somewhat unique and are sometimes thrown into cases without any basis at all. I do not find that defendants' having another go at obtaining fees with respect to that claim was itself so substantially frivolous, groundless or vexatious as to require an award of fees against them.

## ORDER

Defendants' motion for attorney's fee under the Colorado Consumer Protection Act, ECF No. 150, is denied.

DATED this 21st day of October, 2021.

BY THE COURT:

_[signature: Brooke Jackson]_

_____
R. Brooke Jackson
United States District Judge